**Patricia GILL, Plaintiff–Appellant,**

v.

**MOUNT SINAI HOSPITAL,
Defendant–Appellee.**

No. 05–1335–CV.

United States Court of Appeals,
Second Circuit.

Dec. 19, 2005.

Patricia Gill, Bronx, NY, for Appellant, pro se.

Rory J. McEvoy, New York, NY, for Appellee.

Present: Hon. Richard J. CARDAMONE, Hon. Robert D. SACK, Circuit Judges, and Hon. Richard C.

CASEY, District Judge.*

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment be, and it hereby is, AFFIRMED.

Plaintiff-appellant Patricia Gill appeals from a September 30, 2004, judgment of the United States District Court for the Southern District of New York. The court adopted in its entirety the report and recommendation of Magistrate Judge Henry B. Pitman that the court grant defendant-appellee Mount Sinai Hospital's motion for summary judgment on Gill's claim that she was discharged in violation of Title VII of the Civil Rights Act of 1964. The magistrate judge had concluded that: (1) Gill failed to establish a *prima facie* case of discrimination because she offered no evidence that she was terminated under circumstances giving rise to an inference of racial discrimination; (2) Mount Sinai articulated a legitimate nondiscriminatory reason for terminating Gill; and (3) Mount Sinai's reason for firing Gill was not a pretext for discrimination.

We review a district court's decision to grant a summary judgment motion *de novo,* viewing "the facts in the light most favorable" to the plaintiff and "draw[ing] all reasonable inferences in [her] favor." *Island Software & Computer Serv., Inc. v. Microsoft Corp.,* 413 F.3d 257, 260 (2d Cir.2005). Summary judgment must not be granted unless there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

Gill failed to establish a genuine issue of material fact as to whether she could prove a *prima facie* case of racial discrimination. She provided no evidence of Mount Sinai's alleged discrimination other than her own conclusory allegations, which themselves do not give rise to an inference of discrimination. *See Meiri v. Dacon,* 759 F.2d 989, 998 (2d Cir.1985). Even if Gill had established a *prima facie* case, moreover, we conclude as a matter of law that Mount Sinai articulated legitimate, nondiscriminatory reasons for her termination, namely her failure to complete her job duties, her inability to take direction, and her confrontational and unprofessional behavior. Gill did not come forward with any evidence showing that Mount Sinai's purported reason for firing her was a pretext for its allegedly discriminatory motive.

Gill's claim that Mount Sinai employees Noreen Brennan and Natasha Pinherio ought to be reinstated as defendants also fails as a matter of law. Non-employer "individuals are not subject to liability under Title VII." *Patterson v. County of Oneida,* 375 F.3d 206, 221 (2d Cir.2004).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

* The Honorable Richard C. Casey, of the United States District Court for the Southern District of New York, sitting by designation.